UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL PANCOAST,

        Plaintiff,

   v.

THE HOME DEPOT U.S.A., INC.,

        Defendant.
_____/

NO. CIV. S-06-691 LKK/PAN

O R D E R

    This matter is before the court on the petition of defendant, The Home Depot U.S.A., Inc., for removal predicated upon the court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Having invoked the removal statute, the defendant bears the burden of establishing this court's jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). As explained below, defendant has failed to meet this burden.

1

1   Diversity jurisdiction requires complete diversity of
2 citizenship among the parties, as well as a minimum amount in
3 controversy of over $75,000.  See id.  While it appears that
4 diversity of citizenship is satisfied, defendant has not met its
5 burden of demonstrating that the amount in controversy exceeds
6 $75,000.
7   Plaintiff, Daniel Pancoast, filed a complaint on December 28,
8 2005 in Placer County Superior Court alleging four causes of action
9 relating to the termination of his employment with Home Depot.
10 Nowhere in the complaint does plaintiff assign a value to the
11 relief he seeks.  "Where it is not facially evident from the
12 complaint that more than $75,000 is in controversy, the removing
13 party must prove, by a preponderance of the evidence, that the
14 amount in controversy meets the jurisdictional threshold."
15 Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089,
16 1090 (9th Cir. 2003).
17   Defendant concedes that the complaint "did not include a
18 statement of damages . . . ."  Def.'s Ntc. of Removal at 2:5.
19 Defendant also concedes that plaintiff's answer to defendant's
20 interrogatory 210.2 states that plaintiff only seeks $553.60 per
21 week in lost income.  See Id. at 2:17.  Defendant argues that this
22 response to the interrogatory, combined with emotional distress
23 damages, medical costs, attorneys fees and punitive damages
24 establishes that the amount in controversy exceeds $75,000.00.  Id.
25 at 2:17.  Defendant has failed to prove, by a preponderance of the
26 evidence, that the amount in controversy meets the jurisdictional

1  threshold.

2  First, defendant fails to discuss the specific amount of
3  damages that plaintiff may claim. "[S]peculative argument
4  regarding the potential value of the award is insufficient" to
5  establish the amount in controversy. <u>Conrad Associates v. Hartford</u>
6  <u>Accident & Indemnity Co.</u>, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998)
7  (citing <u>Gaus v. Miles</u>, 980 F.2d 564, 567 (9th Cir. 1992)). In the
8  case at bar, defendant speculates as to the potential value of the
9  awards for medical care costs, attorneys fees and emotional
10 distress.

11 Second, while it is true that plaintiff seeks damages for
12 medical expenses, lost wages, attorneys fees and other costs,
13 defendant has failed to provide adequate analysis as to why this
14 court should consider these damages in calculating the amount in
15 controversy.

16 "Because the 'removal statutes are strictly construed against
17 removal,' [...] doubts about removal must be resolved in favor of
18 remand." <u>Dodd v. John Hancock Life Ins. Co.</u>, 688 F.Supp. 564, 566
19 (E.D. Cal. 1988)(citing <u>Libhardt v. Santa Monica Dairy Co.</u>, 592
20 F.2d 1062, 1064 (9th Cir. 1979)). Since the defendant has not
21 adequately established the amount in controversy in the case at
22 bar, the court lacks subject matter jurisdiction and must remand
23 the case. <u>See</u> 28 U.S.C. § 1447(c).
24 ////
25 ////
26 ////

3

1  For the foregoing reasons, the court hereby ORDERS the above-captioned case REMANDED to the Superior Court of the State of California in and for the County of Placer County.

IT IS SO ORDERED.

DATED: April 19, 2006

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT